| Case No. | **CV 20-9530-DMG (JPRx)** | Date | December 15, 2020 |
|---|---|---|---|

| Title | *Varel, Inc. v. Hiscox Ins. Co., Inc., et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DENYING MOTION TO REMAND [15]**

On July 22, 2020, Plaintiff Varel, Inc. filed its Complaint in Los Angeles County Superior Court asserting breach of contract and breach of implied duty of good faith and fair dealing relating to an insurance claim denial against Defendants Hiscox Insurance Company, Inc. ("Hiscox"), Right Way Insurance Services, Inc., and Austin Matthew Groszewski (the "Right Way Defendants"). [Doc. # 1-1.] On October 1, 2020, Hiscox removed this action to this Court, asserting diversity jurisdiction. [Doc. # 1.]

On October 29, 2020, Plaintiff filed a Motion to Remand ("MTR"), arguing that the Right Way Defendants' California citizenship destroyed complete diversity and that the amount in controversy did not exceed $75,000. [Doc. # 15.] After fully briefing the MTR [Doc. ## 23, 25], Plaintiff and Right Way Defendants stipulated to those Defendants' dismissal, and on November 30, 2020, the Right Way Defendants were dismissed. [Doc. # 33]. As diversity of citizenship is no longer an issue, the only remaining issue is the amount in controversy.

For the reasons discussed below, the Court **DENIES** Plaintiff's MTR.

**I.**
**DISCUSSION**

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to the suit are of diverse citizenship and that the amount in controversy exceeds $75,000. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted).

In determining whether the removing party has met its burden, courts in the Ninth Circuit consider facts presented in the removal petition as well as any "'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations regarding the amount in controversy will not suffice. *Id.* at 1090–91. "[C]laims for special and general damages, attorneys' fees and punitive damages" may meet the jurisdictional minimum. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Id.* (internal citation omitted).

Here, Plaintiff's Complaint seeks benefits owed under its insurance policy with Hiscox for business income lost due to COVID-19-related governmental action shutting down Plaintiffs' business, attorneys' fees, and punitive damages for bad faith. [Doc. # 1-1.] Plaintiff does not specify the dollar amount of damages sought. Hiscox therefore bears the burden of showing by a preponderance of the evidence that it is "more likely than not" that the amount in controversy is over $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007).

The parties agree that Plaintiff provided an estimate of its business income at $120,000 per year and that its Complaint alleges that it was forced to shut down business for at least three months, for a total of at least $30,000 in business income to be recovered under the Policy. The Complaint also alleges that Plaintiff would "continue to suffer in the future, damages under the Policy." Compl. at ¶ 42. Hiscox has submitted evidence of a Los Angeles County public health order, a document of which the Court may take judicial notice as a document not subject to reasonable dispute, indicating continuing shutdowns that may affect Plaintiff's business. [Doc. # 24.] The Court observes that, since the filing of the Complaint, another five months have elapsed during which shutdowns have likely occurred. Hiscox has also cites to cases in which hundreds of thousands of dollars of attorneys' fees were awarded, as well as cases noting that tens of thousands of dollars of punitive damages have been awarded in insurance cases involving bad faith by the insurer. *See* Opp. at 19–21. Hiscox does not make any effort, however, to analogize the facts of those cases with this one. *See Simmons*, 209 F. Supp. 2d at 1031. Without analogous facts, the Court cannot assume that those levels of attorneys' fees and punitive damages are applicable here.

Plaintiff, on the other hand, has submitted no evidence that its claims put less than $75,000 at issue. It argues that there is no evidence that attorneys' fees would tip the amount in controversy over $75,000 but does not itself assert what its attorneys' fees are or likely will be. It also concedes that its punitive damage claim could be awarded on a ratio of two-to-one.

Given Hiscox's evidence that Plaintiff seeks continuing business income of approximately $10,000 lost per month and at least some attorneys' fees and punitive damages, and Plaintiff's failure to provide any specific evidence, Hiscox has carried its burden to demonstrate by a preponderance of the evidence that Plaintiff's claims put more than $75,000 in controversy.

## II.
## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's MTR. The December 18, 2020 hearing on the issue is **VACATED**. Defendant's motion for leave to file a supplemental brief is **DENIED as moot** [Doc. # 35], and the improperly filed brief is **STRICKEN** [Doc. # 36]. The Scheduling Conference on December 18, 2020 is **VACATED**. A Scheduling and Case Management Order to issue.

**IT IS SO ORDERED.**